

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 22, 1962

Hon. Louis Crump, Chairman
Cost of Government Study Committee
Austin, Texas

Opinion No. WW-1459

Re: Whether it would be necessary, if
a new constitution were drafted,
that a full wording of such draft
be advertised and published ver-
batim, and related questions.

Dear Mr. Crump:

Your recent request for opinion addressed to this of-
fice contains the following questions:

"a. If a new State Constitution were drafted
by a duly authorized constitutional convention,
would it be necessary for the full wording of this
draft to be advertised and published verbatim in
newspapers of general circulation in this State,
as is currently the case with proposed constitu-
tional amendments?

"b. If newspaper circulation of this draft
constitution is not necessary, are any other methods
of advertising, promotion, or publication authorized
or required in the Statutes or the present Texas
Constitution?"

An inspection of the Constitution and statutes reveals
that there is no method provided for a revision of the present
Constitution, and also that there is no constitutional or statu-
tory method prescribed for publication of the proposed revision.

Section 1 of Article XVII in providing for amending
the Constitution states as follows:

"Section 1. The Legislature, at any biennial
session, by a vote of two-thirds of all the members
elected to each House, to be entered by yeas and
nays on the journals, may propose amendments to the
Constitution, to be voted upon by the qualified
electors for members of the Legislature, which pro-
posed amendments shall be duly published once a

week for four weeks, commencing at least three months before an election, the time of which shall be specified by the Legislature, in one weekly newspaper of each county, in which such a newspaper may be published; and it shall be the duty of the several returning officers of said election, to open a poll for, and make returns to the Secretary of State, of the number of legal votes cast at said election for and against said amendments; and if more than one be proposed, then the number of votes cast for and against each of them; and if it shall appear from said return, that a majority of the votes cast, have been cast in favor of any amendment, the said amendment so receiving a majority of the votes cast, shall become a part of this Constitution, and proclamation shall be made by the Governor thereof."

In deciding whether or not the publication provided for above, for amendments, shall be applicable to the revision of the Constitution, we must construe the word "amendment." Corpus Juris Secundum makes the following distinction between an amendment and a revision:

"Every proposition which effects a change in a constitution, or adds or takes away from it, is an amendment, and remains as such until the authority which voted it in shall vote it out, while a revision implies a reexamination and restatement of the constitution, or some part of it, in a corrected or improved form. . . ." 16 C.J.S. 37, Constitutional Law, Sec. 7.

It is therefore our opinion, and you are so advised, that Article XVII of our Constitution pertains to amendments only, and not to a revision, and that the method of publication therein described in its unamended form, does not govern the method of publication to be used to accomplish a revision. It follows that there is no procedure in the present Constitution for advertisement or publication of a proposed revision.

In response to your second question, we find no provisions for advertising, promotion or publication in either the statutes or the Constitution.

However, a duly authorized constitutional convention, as representatives of the people, has the authority to provide

the mode of advertising and publishing a proposed constitutional revision, in the absence of constitutional or statutory directives.  See 16 C.J.S. 29-60 Constitutional Law, §§ 4-5-6-7-8-9-10.

## SUMMARY

If a new State Constitution were drafted, there is no provision in the present Constitution or statutes which provides for publication in newspapers of the proposed revision.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Fred D. Ward
Fred D. Ward
Assistant

FDW:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
L. P. Lollar
Sam Stone
Tom Peterson

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore